# Supreme Court of Florida

_____

No. SC21-284

_____

**IN RE: AMENDMENT TO RULE REGULATING THE FLORIDA BAR 6-10.3.**

April 15, 2021

PER CURIAM.

On its own motion, the Court amends rule 6-10.3(d) of the Rules Regulating the Florida Bar. We have jurisdiction. *See* art. V, § 15, Fla. R. Gen. Prac. & Jud. Admin. 2.140(d).

The Business Law Section of The Florida Bar recently adopted a policy regulating the composition of faculty at section-sponsored continuing legal education programs. Subject to certain exceptions, the policy imposes quotas requiring a minimum number of "diverse" faculty, depending on the number of faculty teaching the course. The policy defines diversity in terms of membership in "groups based upon race, ethnicity, gender, sexual orientation, gender identity, disability, and multiculturalism." The stated goals of the

policy are "eliminating bias, increasing diversity and implementing tactics aimed at recruiting and retaining diverse attorneys."

The Court recognizes and is grateful for the Bar sections' important contributions to the legal profession in our state. And the Court understands the objectives underlying the policy at issue here. Nonetheless, certain means are out of bounds. Quotas based on characteristics like the ones in this policy are antithetical to basic American principles of nondiscrimination. *Cf. Grutter v. Bollinger*, 539 U.S. 306, 334 (2003) ("To be narrowly tailored, a race-conscious admissions program cannot use a quota system . . . ."); *Regents of University of Cal. v. Bakke*, 438 U.S. 265, 307 (1978) (numerical goal or quota "must be rejected" as "facially invalid"). It is essential that The Florida Bar withhold its approval from continuing legal education programs that are tainted by such discrimination.

Accordingly, rule 6-10.3(d) of the Rules Regulating the Florida Bar, which governs course approval for continuing legal education, is amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendment shall become effective immediately and shall apply prospectively to any

course that has not already been approved as of the effective date.

The Court expects that The Florida Bar will amend its policies as

necessary to ensure compliance. Because the amendments were

not published for comment previously, interested persons shall

have seventy-five days from the date of this opinion in which to file

comments with the Court.[1]

It is so ordered.

CANADY, C.J., and POLSTON, LAWSON, MUÑIZ, COURIEL, and
GROSSHANS, JJ., concur.
LAWSON, J., concurs specially with an opinion.
LABARGA, J., dissents with an opinion.

---

1. All comments must be filed with the Court on or before
June 29, 2021, as well as a separate request for oral argument if
the person filing the comment wishes to participate in oral
argument, which may be scheduled in this case. If filed by an
attorney in good standing with The Florida Bar, the comment must
be electronically filed via the Florida Courts E-Filing Portal (Portal)
in accordance with *In re Electronic Filing in the Supreme Court of
Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No.
AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not
licensed to practice in Florida, the comment may be, but is not
required to be, filed via the Portal. Comments filed via the Portal
must be submitted in Microsoft Word 97 or higher. *See In re
Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No.
AOSC17-27 (May 9, 2017). Any person unable to submit a
comment electronically must mail or hand-deliver the originally
signed comment to the Florida Supreme Court, Office of the Clerk,
500 South Duval Street, Tallahassee, Florida 32399-1927; no
additional copies are required or will be accepted.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LAWSON, J., concurring and concurring specially.

I agree with the majority's decision to adopt the amendment to rule 6-10.3(d) of the Rules Regulating the Florida Bar, and with the majority opinion.

I write separately to further express my support for what I view as the well-intended motivation underlying the decision of The Florida Bar's Business Law Section to adopt a policy aimed at meaningfully broadening participation in the instructor pool for its educational offerings.

At this Court's direction, both the Bar and the State Court System have for many years worked diligently to assure a system of justice that is fair for all and that treats all individuals as equal under the law. This Court is steadfast in its firm commitment to these ideals. I believe that these ideals are best advanced when individuals with very different backgrounds and experiences work together. This is because our experiential differences often result in starkly different modes of thought and perception—including deeply

- 4 -

divided perceptions surrounding concepts as facially straightforward as "fairness" and "justice."

It is when those who perceive and think differently come together in an environment of mutual respect and genuine concern for the well-being of others that we can best gain the understanding necessary to fully advance the ideals underpinning our judicial system. It is essential that we continue this work, and I am grateful to the Bar and its sections for their continued pursuit of these core ideals that are central to further advancing the cause of freedom for all, secured for all through the rule of law.

LABARGA, J., dissenting.

Because I do not believe that the enactment of a rule specifically addressing this issue is necessary, I dissent. I believe that a simple letter directed to the Business Law Section, communicating that such action may be in violation of United States Supreme Court precedent, would have sufficed. *See e.g., Grutter v. Bollinger*, 539 U.S. 306, 334 (2003); *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 307 (1978).

Original Proceeding – Florida Rules Regulating The Florida Bar

# APPENDIX

## Rule 6-10.3.  Minimum Continuing Legal Education Standards

**(a) – (c)**      **[No Change]**

**(d)  Course Approval.**  Course approval is set forth in policies adopted pursuant to this rule.  Special policies will be adopted for courses sponsored by governmental agencies for employee lawyers that exempt these courses from any course approval fee and may exempt these courses from other requirements as determined by the board of legal specialization and education.  The board of legal specialization and education may not approve any course submitted by a sponsor, including a section of The Florida Bar, that uses quotas based on race, ethnicity, gender, religion, national origin, disability, or sexual orientation in the selection of course faculty or participants.

**(e) – (g)**      **[No Change]**